## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

DONNAYA PRESBERRY,     )

                   )

       Plaintiff,     )     No. 2:22-cv-01402-PLD

                   )

   v.     )

                   )

LIBERTY NATIONAL LIFE     )     Magistrate Judge Patricia L. Dodge

INSURANCE COMPANY and GLOBE     )

LIFE LIBERTY NATIONAL DIVISION:     )

THE KELLER AGENCIES     )

                   )

       Defendant.     )

## JOINT ANSWER OF DEFENDANTS LIBERTY NATIONAL LIFE INSURANCE COMPANY AND THE KELLER AGENCIES, LLC TO THE COMPLAINT OF PLAINTIFF

Defendants Liberty National Life Insurance Company ("Liberty National"), and The Keller Agencies, LLC ("The Keller Agencies") (incorrectly identified in the Complaint as "Globe Life Liberty National Division: The Keller Agencies") (collectively, "Defendants") answer the Complaint of Plaintiff Donnaya Presberry ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1391. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 42 P.S. § 951, *et seq.* (hereinafter referred to as "PHRA").

**ANSWER:**    Defendants admit that this Court has jurisdiction and that Plaintiff claims violations of Title VII and the PHRA, but deny that they violated these statutes, deny that Title VII or the PHRA applies to Plaintiff or the Defendants in the context of Plaintiff's contractual engagement, and deny the remaining allegations in Paragraph 1.

2.    The unlawful employment practices and harassment were committed by the Defendants in Allegheny County, Pennsylvania, where Ms. Presberry worked for Defendants as a Supervising Agent. Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391 (b).

**ANSWER:**    Defendants admit that at times relevant Plaintiff was a party to a contract, her performance of which occurred at least in part in the Western District of Pennsylvania, and therefore do not contest venue.  Defendants deny the remaining allegations in Paragraph 2.

3.    Ms. Presberry timely exhausted her administrative remedies by filing a charge against the County with the United States Equal Employment Opportunity Commission ("EEOC") at Charge No. 533- 2021-01541. Plaintiffs Charge was dual filed with the Pennsylvania Human Relations Commission and is incorporated by reference as if fully set forth herein. On July 12, 2022, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" letter) advising her of the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

**ANSWER:**    Defendants admit that Plaintiff filed an EEOC charge, which was cross-filed with the PHRC, that the EEOC issued a right-to-sue letter on July 12, 2022, and that Plaintiff filed this lawsuit within 90 days thereafter.  Further answering, Defendants deny that Plaintiff filed a charge or issued a right-to-sue letter with respect to all claims and allegations alleged in this Complaint.  Further answering, Defendants state that the remainder of Paragraph 3 states a legal conclusion to which no response is required.  To the extent the Court deems a response required, Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants are employers within the meaning of Title VII and the PHRA.

**ANSWER:**   Defendants state that Paragraph 4 states a legal conclusion to which no response is required.  To the extent the Court deems a response required, Defendants deny the allegations in Paragraph 4.

## PARTIES

5.      Ms. Presberry is a 30-year-old African American female individual who resides at 1005 Heths Avenue, Pittsburgh, PA 15206.

**ANSWER:**   On information and belief, Defendants admit the allegations in Paragraph 5.

6.      Liberty National Life Insurance Company is an Alabama corporation, authorized to do business in the state of Pennsylvania. Liberty National manages the Pennsylvania agency known as Globe Life Liberty National Division: The Keller Agencies.

**ANSWER:**   Defendants admit that Liberty National is authorized to do business in the Commonwealth of Pennsylvania.  Defendants deny the remaining allegations in Paragraph 6.

7.      Globe Life Liberty National Division: The Keller Agencies is a Pennsylvania company authorized to do business in the state of Pennsylvania on behalf of Liberty National Life Insurance Company. The Keller Agencies maintains an address at 420 Rouser Rd. No 407, Moon Twp. PA 15107.

**ANSWER:**   Defendants admit that The Keller Agencies, LLC is a Pennsylvania company authorized to do business in Pennsylvania, and further authorized to do business with Liberty National. Defendants further admit that The Keller Agencies maintains an office at the address in question.  Defendants deny the remaining allegations in Paragraph 7.

## FACTS

8.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

**ANSWER:**    Defendants incorporate their answers to Paragraphs 1 through 7 as if fully set forth herein.

9.    Ms. Presberry was hired by Liberty National as a Supervising Agent in or around February of 2020.

**ANSWER:**    Defendants admit that Plaintiff was contracted as an Independent Agent in February 2020 and contracted separately (a process referred to in the Complaint and Answer as a "promotion") as an Independent Supervising Agent in August 2020. Further answering, Defendants deny the remaining allegations in Paragraph 9.

10.    While classified by Defendants as an "independent contractor," Ms. Presberry acted as a joint employee of Defendants, as defined by the law.

**ANSWER:**    Defendants deny the allegations in Paragraph 10.

11.    At all times relevant herein, Ms. Presberry completed all of her job functions, roles and responsibilities in at least a satisfactory manner, often exceeding expectations and having never received a negative performance evaluation, letter of concern or disciplinary action.

**ANSWER:**    Defendants deny the allegations in Paragraph 11.

12.    Ms. Presberry also won numerous awards and accolades for her performance including, but not limited to: multiple National Top 20 Agent/Supervising Agent designations; convention qualifier; top performer in closed cases.

**ANSWER:**    Defendants admit that Plaintiff received periodic recognitions from each or either of the Defendants, but deny the remaining allegations in Paragraph 12.

13.     These awards and accolades were given to Ms. Presberry by Liberty National, who was responsible in conjunction with Globe Life Liberty National Division: The Keller Agencies for evaluating her performance.

**ANSWER:**    Defendants admit that Plaintiff received periodic recognitions from each or either of the Defendants, but deny the remaining allegations in Paragraph 13.

14.     Ms. Presberry was the number two sales agent in the office at the awards ceremony in December of 2020 and exceeded her sales agent production goals with 4-week and 13-week averages.

**ANSWER:**    Defendants admit that Plaintiff received periodic recognitions from each or either of the Defendants, but deny the remaining allegations in Paragraph 14.

15.     Prior to her firing, Ms. Presberry was one of only three people of color who were assigned to Globe Life Liberty National Division: The Keller Agencies.

**ANSWER:**    Defendants deny the allegations in Paragraph 15.

16.     Upon information and belief, Liberty National had a say in the Keller Agencies ability to hire, fire and promote its employees.

**ANSWER:**    Defendants deny the allegations in Paragraph 16.

17.     Upon information and belief, Liberty National provided all training materials, presentation materials, binders, receipts, promotional materials and other materials necessary for the completion of an employee of the Keller Agencies' job responsibilities.

**ANSWER:**    Defendants answer that the phrase 'the completion of an employee" is indecipherable, and request a more definite statement and leave to amend their Answer.  Further answering, Defendant deny the allegations in Paragraph 17.

18.     Upon information and belief, Defendants held mandatory sales meetings to acquaint Ms. Presberry with its products and sales techniques.

**ANSWER:**     Defendants admit that from time to time each or either of them acquainted Plaintiff with its products and sales techniques, but deny the remaining allegations in Paragraph 18.

19.     Upon information and belief, the Keller Agencies incurred the expenses associated with the performance of Ms. Presberry's job responsibilities.

**ANSWER:**     Defendants deny the allegations in Paragraph 19.

20.     Upon information and belief, Liberty National was responsible for paying Ms. Presberry.

**ANSWER:**     Defendants admit that each or either of them paid Plaintiff for performance pursuant to contractual terms or incentives applicable to each or either of them, but deny the remaining allegations in Paragraph 20.

21.     Upon information and belief, the Keller Agencies controlled the means and methods of how Ms. Presberry sold Liberty National products with oversight from Liberty National.

**ANSWER:**     Defendants deny the allegations in Paragraph 21.

22.     Upon information and belief, the Keller Agencies controlled Ms. Presberry's hours and workdays.

**ANSWER:**     Defendants deny the allegations in Paragraph 22.

23.     During her employment with Liberty National, Ms. Presberry was subjected to disparate treatment, motivated by her race (African American and Asian).

**ANSWER:**     Defendants deny the allegations in Paragraph 23.

24.     For example, one of Ms. Presberry's job responsibilities is to conduct "walk-ins," where she would go into businesses in her designated area to sell Liberty National's products.

**ANSWER:**     Defendants admit that a common practice among state licensed agents such as Plaintiff is to conduct walk-ins to sell Liberty National products, but deny the remaining allegations in Paragraph 24.

25.     Ms. Presberry's supervisors, Natalie Whittingham (Ms. Presberry's immediate supervisor who is Caucasian) and Kyle Keller (Owner, who is also Caucasian) would assign more profitable areas in which "walk-ins" were to be conducted (which typically had Caucasian-dominated populations) and leads to Caucasian agents.

**ANSWER:**     Defendants deny the allegations in Paragraph 25.

26.     To the contrary, Ms. Presberry, and other agents who are people of color, were assigned less profitable areas, such as New Kensington and Tarentum.

**ANSWER:**     Defendants deny the allegations in Paragraph 26.

27.     Ms. Presberry proffers that she was assigned these less desirable/lower profit-generating areas because of her race.

**ANSWER:**     Defendants deny the allegations in Paragraph 27.

28.     Similarly, Ms. Presberry watched other Caucasian agents get promoted over more-qualified people of color.

**ANSWER:**     Defendants deny the allegations in Paragraph 28.

29.     This includes, but is not specifically limited to, herself and Nasya Myles (African American).

**ANSWER:**     Defendants deny the allegations in Paragraph 29.

30.     In Ms. Myles' instance, over five agents were promoted at the time she was already eligible for promotion before Mr. Keller finally approved her promotion.

**ANSWER:**     Defendants deny the allegations in Paragraph 30.

31.     Because Ms. Myles (an agent who worked under Ms. Presberry) and another agent Lauren (who also worked under Ms. Presberry) were promoted, Ms. Presberry was eligible to receive a promotion.

**ANSWER:**     Defendants deny the allegations in Paragraph 31.

32.     At the time the decision to promote Ms. Presberry was pending, Mr. Keller verbally attacked Ms. Presberry's colleague for promoting diversity, and the within detailed incident served as a basis provided to Ms. Presberry by the Company as the reason she was not promoted.

**ANSWER:**     Defendants deny the allegations in Paragraph 32.

33.     While on a Liberty National trip to Cabo San Lucas, Mexico, Ms. Presberry's colleague was partaking in a conversation with Mr. Keller, his fiancé, and Ms. Whittingham, while on a boat ride, wherein the group was discussing their preferences relating to where to send their children to school.

**ANSWER:**     Defendants admit that while on a boat trip to Cabo San Lucas, Mexico, Mr. Keller, his fiancée and Ms. Whittingham took a boat ride during which Ms. Presberry's colleague criticized Mr. Keller's personal preference for sending his children to Catholic school.  Defendants deny the remaining allegations in Paragraph 33.

34.     Others had expressed a desire for their child to be educated in a Catholic school setting. Ms. Presberry's colleague, who was participating in the discussion, indicated that she wished to send her child to a school that has a diverse population, as a person of color.

**ANSWER:**   Defendants restate their Answer in Paragraph 33 and deny the remaining allegations in Paragraph 34.

35.   When the boat docked, Mr. Keller pulled Ms. Presberry's colleague aside and told her that she needed to ***"stop being so anti-white."***

**ANSWER:**   Defendants deny the allegations in Paragraph 35.

36.   After the group got off the boat, Mr. Keller proceeded to go into a local store and buy a bandana that read ***"f\*ck Biden,"*** as a further act against his agents of color.[1]

**ANSWER:**   Defendants deny the allegations in Paragraph 36.

37.   This incident took place on or about June 9, 2021.

**ANSWER:**   Defendants deny the allegations in Paragraph 37.

38.   Ms. Presberry's colleague divulged Mr. Keller's inappropriate and illegal comment to Ms. Presberry as her friend and colleague.

**ANSWER:**   Defendants lack information sufficient to form a belief as to the particulars of the conversation alleged, and therefore deny the allegations in Paragraph 38.

39.   Despite being offended by Mr. Keller's outwardly racist actions, Ms. Presberry continued to act polite and professional towards him.

**ANSWER:**   Defendants lack information sufficient to form a belief as to the particulars of Plaintiff's state of mind at non-specific times as alleged, and deny the allegations in Paragraph 39.

40.   The very next week, on Friday, June 18, 2021, Ms. Whittingham advised Ms. Presberry that she was not going to receive the promotion that she was eligible to receive.

---

[1] This is not the first time where Mr. Keller has displayed political paraphernalia to make his minority employees uncomfortable. Mr. Keller's office is decorated with Trump and "Make America Great Again" propaganda.

**ANSWER:**     Defendants admit that on June 18, 2021, Plaintiff was advised that she was ineligible for a promotion.  Defendants deny the remaining allegations in Paragraph 40.

41.     In doing so, Ms. Whittingham advised Ms. Presberry that although she had met all of the performance criteria necessary to receive the promotion, she had a "bad attitude" as a result of what transpired between Mr. Keller and Ms. Presberry's colleague.

**ANSWER:**     Defendants deny the allegations in Paragraph 41.

42.     Ms. Presberry was taken aback as she was not even involved in the subject discussion and indicated the same.

**ANSWER:**     Defendants deny the allegations in Paragraph 42.

43.     Ms. Presberry asked what she needed to do in order to get the promotion, as she was interested in succeeding with the Company.

**ANSWER:**     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations in Paragraph 43.

44.     Ms. Whittingham advised Ms. Presberry that it was not the amount of effort that she was putting in—it was the fact that Mr. Keller "thinks you don't like him" that was preventing [sic][2] her from being promoted.

**ANSWER:**     Defendants deny the allegations in Paragraph 44.

45.     Thereafter, on Sunday, June 20, 2021, Ms. Presberry received a text message from Mr. Keller terminating her, stating: [sic][3]

---

[2] The image of a text message appearing in Paragraph 44 of the Complaint appears to be associated only with Paragraph 45 of the Complaint, and in this Answer has been reprinted to Paragraph 45 to align with that paragraph's allegations.
[3] *See* footnote 2.

> **kyle libnat**
> 22:28, Jun 20
>
> Hi Dee, sorry to text so late but wanted to catch you before the morning. After much consideration, due to the worsening trend of your quality of business and ongoing concerns with your attitude and professionalism in the office, we will no longer be needing your services. Your contract will be terminated tomorrow. Per your contract, you are not permitted to speak to any client accounts or agents within the agency or to be physically present in the agency without approval. Should anything be needed, Natalie will let you know. I will be available for a phone call after 5:30 PM tomorrow, but will not be addressing any concerns regarding this prior to then. Best of luck and best regards.

**ANSWER:**     Defendants state that the message in question speaks for itself.

46.     The reasons stated in Mr. Keller's text were pretextual and provided in an effort to mask the Company's discriminatory intent to terminate Ms. Presberry for being a person of color and who was associated with/acting in concert with another person of color who was standing up against racism in the workplace.

**ANSWER:**     Defendants deny the allegations in Paragraph 46.

47.     Ms. Presberry requested the "contract" referenced in the above text-message in order to gain an understanding of her legal rights and the restrictions imposed therein.

**ANSWER:**     Defendants deny the allegations in Paragraph 47.

48.     Ms. Presberry made this request multiple times. Mr. Keller refused to provide a copy of the contract, as a further act of retaliation against Ms. Presberry.

**ANSWER:**     Defendants deny the allegations in Paragraph 48.

49.     As stated in Mr. Keller's text message to Ms. Presberry, she was "not permitted to speak to any client accounts or agents within the agency."

**ANSWER:**     Defendants state that the text of the reprinted text message speaks for itself, and deny the remaining allegations in Paragraph 49.

50.     At the time of her termination, Ms. Presberry's account had a positive account balance.

**ANSWER:**     Defendants deny the allegations in Paragraph 50.

51.     Ms. Presberry filed her Charge of Discrimination (the "Charge") on or about July 1, 2021.

**ANSWER:**     Defendants admit the allegations in Paragraph 51.

52.     Following her termination and filing of her Charge, individuals at the Keller Agencies intentionally neglected/sabotaged her accounts resulting in a negative balance.

**ANSWER:**     Defendants deny the allegations in Paragraph 52.

53.     Thereafter, Ms. Presberry received the correspondence from Liberty National, demanding repayment of upwards of $10,000 for a claimed negative commission balance.

**ANSWER:**     Defendants admit that Liberty National asserted its contractual right seek repayment of sums due from Plaintiff to Liberty National. Further answering, Liberty National later deferred enforcement of its contractual rights and has not taken further action to collect sums due from Plaintiff to Liberty National. Plaintiff denies the remaining the allegations in Paragraph 53.

54.     Liberty National's demand that Ms. Presberry pay $10,460 for premiums that were lost *after she was terminated and after she filed a Charge of Discrimination* is an additional act of retaliation against Ms. Presberry.

**ANSWER:**     Defendants deny the allegations in Paragraph 54.

55.     Plaintiff is in a protected class under Title VII and the PHRA at the time the acts of discrimination, retaliation, hostile work environment and wrongful termination occurred.

**ANSWER:**     Defendants state that Paragraph 55 states multiple legal conclusions to which no response is required.  To the extent the Court deems a response required, Defendants deny the allegations in Paragraph 55.

56.     This conduct has caused Ms. Presberry irreparable harm and humiliation.

**ANSWER:**     Defendants deny the allegations in Paragraph 56.

57.     At all relevant times hereto, Liberty National and the Keller Agencies acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

**ANSWER:**     Defendants state that the allegations in Paragraph 57 are too vague and non-specific to be capable of answer by these Defendants. Defendants request a more definite statement as to the actions or failures to act alleged in Paragraph 57, and leave to amend their Answer accordingly.

**COUNT I**
**TITLE VII DISCRIMINATION and RETALIATION**

58.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

**ANSWER:**     Defendants reincorporate their answers to Paragraphs 1 through 57 as if fully set forth herein.

59.     The foregoing conduct, including the specific targeting of Ms. Presberry, along with other adverse actions directed at Ms. Presberry because of her race and for opposing racial discrimination, constitutes unlawful discrimination and retaliation against Ms. Presberry.

**ANSWER:**    Defendants deny the allegations in Paragraph 59.

60.    At all times relevant, Defendants were each an "employer" within the meaning of Section 701(b) of Title VII.

**ANSWER:**    Defendants state that Paragraph 60 states a legal conclusion to which no response is required.  To the extent the Court deems a response required, Defendants deny the allegations in Paragraph 60.

61.    Ms. Presberry was subjected to a hostile work environment and was intentionally discriminated against, treated differently than her Caucasian comparators, and retaliated against because of her race, in violation of Title VII.

**ANSWER:**    Defendants deny the allegations in Paragraph 61.

62.    Defendants knew or should have known about the discriminatory conduct and harassment to which Ms. Presberry was subjected and failed to take appropriate remedial action, despite Ms. Presberry's repeated pleas for help.

**ANSWER:**    Defendants deny the allegations in Paragraph 62.

63.    Defendants' failure to maintain a workplace free of harassment and a failure to take prompt remedial action to address the hostile work environment and racial discrimination to which Plaintiff was subjected was intentional, malicious and in reckless indifference to Ms. Presberry's protected federal and state rights.

**ANSWER:**    Defendants deny the allegations in Paragraph 63.

64.    As a result of Defendants' unlawful discrimination, Ms. Presberry has suffered damages as set forth herein.

**ANSWER:**    Defendants deny the allegations in Paragraph 64.

65.     Defendants' unlawful treatment of Ms. Presberry based on her race and in retaliation for opposing racial discrimination as well the Company's more favorable treatment of white employees constitutes conduct and employment practices made illegal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(l), and the Pennsylvania Human Relations Act.

**ANSWER:**     Defendants deny the allegations in Paragraph 65.

66.     Defendants' conduct described above had the purpose and effect of depriving Ms. Presberry of the rights enjoyed by individuals outside her protected class and, therefore, was in violation of Title VII and the PHRA.

**ANSWER:**     Defendants deny the allegations in Paragraph 66.

67.     Defendants fired Ms. Presberry because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(l), and therefore violated 42 U.S.C. §2000e-3(a).

**ANSWER:**     Defendants deny the allegations in Paragraph 67.

68.     Defendants thereafter retaliated against her for filing a Charge of Discrimination with the EEOC.

**ANSWER:**     Defendants deny the allegations in Paragraph 68.

69.     As a direct and proximate result of the discrimination, disparate treatment, harassment, retaliation, hostile work environment and wrongful termination which Ms. Presberry suffered while employed by Defendants, Ms. Presberry has suffered not only tangible economic loss in the form of lost back pay and benefits and potential lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.  Further answering, Defendants state

that Plaintiff has failed to exhaust her administrative remedies in connection with the claims and allegations in Paragraph 69.

      **ANSWER:**   Defendants deny the allegations in Paragraph 69.

      WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

      **ANSWER:**   Defendants deny that Plaintiff is entitled to any damages.

**COUNT II**
**PHRA – DISCRIMINATION and RETALIATION**

      70.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

      **ANSWER:**   Defendants incorporate their answers to Paragraphs 1 through 69 as if fully set forth herein.

      71.    This is an action arising under the provisions of the laws of the PHRA and this Honorable Court has, and should, exercise pendent jurisdiction over the same because the cause of action set forth in this COUNT II arises out of the same facts, events and circumstances as in the above COUNT, and therefore judicial economy and fairness dictate that this COUNT II be brought in this same Complaint.

      **ANSWER:**   Defendants state that Paragraph 71 states a legal conclusion to which no response is required.  To the extent the Court deems a response required, Defendants deny the allegations in Paragraph 71.

      72.    At all times relevant, Defendants were each an "employer" within the meaning of Section 954(b) of the PHRA.

**ANSWER:**    Defendants state that Paragraph 72 states a legal conclusion to which no response is required.   To the extent the Court deems a response required, Defendants deny the allegations in Paragraph 72.

73.    By engaging in the creation and fostering of a discriminatory, retaliatory and hostile work environment and by wrongfully terminating Ms. Presberry, Defendants violated Section 955(a) of the PHRA which prohibits discrimination and harassment based upon race with regard to the continuation and tenure of employment.

**ANSWER:**    Defendants deny the allegations in Paragraph 73.

74.    Ms. Presberry was subjected to a hostile work environment and was intentionally discriminated against because of her race, in violation of the PHRA.

**ANSWER:**    Defendants deny the allegations in Paragraph 74.

75.    Defendants' failure to maintain a workplace free of harassment and a failure to take prompt remedial action to address the hostile work environment, discrimination and retaliation to which Ms. Presberry was subjected was intentional, malicious and in reckless indifference to her protected state rights.

**ANSWER:**    Defendants deny the allegations in Paragraph 75.

76.    Ms. Presberry engaged in a protected activity as described by Section 955(d) of the PHRA.

**ANSWER:**    Defendants deny the allegations in Paragraph 76.

77.    Defendants' retaliatory conduct towards Ms. Presberry as a result of her engaging in protected activities remains a violation of the PHRA.

**ANSWER:**    Defendants deny the allegations in Paragraph 77.

78.    Defendants' retaliatory conduct toward Ms. Presberry was intentional, malicious and in reckless indifference to her protected state rights.

**ANSWER:**    Defendants deny the allegations in Paragraph 78.

79.    As a direct and proximate result of the discrimination, disparate treatment, harassment, retaliation, hostile work environment and wrongful termination which Ms. Presberry suffered while employed by Defendants, Ms. Presberry has suffered not only tangible economic loss in the form of lost back pay and benefits and potential lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.

**ANSWER:**    Defendants deny the allegations in Paragraph 79.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any damages or relief.

### COUNT III
### 42 U.S.C. § 1981- INTENTIONAL RACIAL DISCRIMINATION

80.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

**ANSWER:**    Defendants incorporate their answers to Paragraphs 1 through 79 as if fully set forth herein.

81.    Section 1981 declares that all persons "shall have the same right ... to the full and equal benefit of all laws and proceedings ... as is enjoyed by white citizens," 42 U.S.C. § 1981 and "prohibits not only racial discrimination but also retaliation against those who oppose it.

**ANSWER:**    Defendants state that Section 1981 speaks for itself.

82.     Plaintiff was subjected to racial discrimination and retaliation because she is Black.

**ANSWER:**    Defendants deny the allegations in Paragraph 82.

83.     Plaintiff suffered the adverse employment actions identified *supra*.

**ANSWER:**    Defendants deny the allegations in Paragraph 83.

84.     The adverse employment actions suffered occurred under circumstances giving rise to an inference of discrimination.

**ANSWER:**    Defendants deny the allegations in Paragraph 84.

85.     A casual connection exists between Plaintiffs race and her termination.

**ANSWER:**    Defendants deny the allegations in Paragraph 85.

86.     In unlawfully discriminating and retaliating against Plaintiff, Defendants acted willfully, wantonly, and/or with malice or conscious and/or reckless indifference to Plaintiffs equal rights under law, thereby necessitating the imposition of punitive damages.

**ANSWER:**    Defendants deny the allegations in Paragraph 86.

87.     As a result of Defendants' conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general and special damages, and economic damages, including, but not specifically limited to back pay. Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

**ANSWER:**    Defendants deny the allegations in Paragraph 82.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any damages or relief.

**FURTHER ANSWERING:** Defendants deny any and all allegations not specifically admitted herein.

## PRAYER FOR RELIEF and DEMAND FOR JURY

WHEREFORE, Ms. Presberry demands judgment against Defendants, and damages in excess of $75,000 as follows:

a. That Ms. Presberry be awarded actual, consequential, compensatory and punitive damages to make her whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Ms. Presberry's damages associated with Defendants' discrimination, retaliation, harassment, hostile treatment and wrongful termination of her pursuant to Title VII and the PHRA and corresponding state law claims, plus interest;

b. That Ms. Presberry be awarded compensatory damages to compensate for all costs associated with the discrimination, retaliation, harassment, hostile work environment and wrongful termination including lost wages and any medical expenses;

c. That Ms. Presberry be awarded nominal damages;

d. That Ms. Presberry be awarded punitive damages in an amount sufficient to punish Defendants for their intentional, wanton and malicious conduct and to deter similar misconduct;

e. That Ms. Presberry be awarded the costs of this litigation, including reasonable attorney's fees;

f. That the Court enter a judgment declaring Defendants' actions to be unlawful and in violation of Title VII;

g. That Defendants be ordered to reinstate Ms. Presberry and provide her accumulated seniority, fringe benefits and all other rights;

h. That the Court enter a judgment declaring Defendants' actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

i. That the Court award Ms. Presberry compensatory damages as a result of Defendants' violations of the Pennsylvania Human Relations Act;

j. That Defendants be enjoined from discriminating against Ms. Presberry in any manner that violates the Pennsylvania Human Relations Act;

k. An award of prejudgment interest; and

l. That Ms. Presberry be awarded such further relief as deemed to be just and proper.

**ANSWER:**     Defendants deny that Plaintiff is entitled to any damages or relief.

**WHEREFORE,** having fully answered, Defendants pray that the Complaint of Plaintiff be dismissed; that each of them be granted judgment in its favor on the Complaint; and that each of them be awarded its reasonable attorneys' fees and costs, and such other and further relief as is reasonable and allowable by law.

### DEFENSES

1.      Plaintiff's claims fail under Title VII and the PHRA because Plaintiff was at all times an independent contractor and not an employee of either Defendant such that neither Title VII nor the PHRA apply to Plaintiff.

2.      Plaintiffs' claims fail as Defendants did not discriminate or retaliate against Plaintiff on the basis of her race or any other characteristic protected by law.

3.      Defendants had legitimate, nondiscriminatory and non-retaliatory reasons for their actions regarding Plaintiff.

4.      Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

5.      Subject to a reasonable opportunity for investigation and discovery, Plaintiff's remedies are limited by the doctrine of after-acquired evidence.

6.      Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate her damages, if any.

7.      Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

8.      Plaintiff has no right to damages because Defendants would have made the same decisions and taken the same actions absent any allegedly unlawful motivation.

9.      To the extent Plaintiff seeks punitive damages, her request is barred or limited by the U.S. Constitution and the Pennsylvania Constitution.

10.     To the extent Plaintiff seeks punitive damages, her request is barred by Defendants' good faith efforts to comply with all applicable laws.

11.     Some or all of Plaintiff's requested relief may not be available, given the nature of Plaintiff's claims.

12.     Subject to a reasonable opportunity for investigation and discovery, some of Plaintiff's claims fail because she has failed to exhaust her administrative remedies and/or because they are outside the scope of any administrative charge.

13.     Plaintiff has failed to exhaust her administrative remedies to the extent her operative claims under all Counts are predicated on her factual allegations in Paragraphs 52 -56, as these allegations are outside of the scope of the Charge and Right-to-Sue alleged in this matter.

14.     Each answering Defendant of either of them exercised reasonable care to prevent and promptly correct inappropriate or unlawful conduct of which it becomes aware by establishing, publishing and/or utilizing effective policies, complaint and/or investigation procedures. Plaintiff unreasonably failed to take advantage of available policies, procedures and avenues for redress.

15.     Defendants reserve the right to amend or supplement their Answer and Defenses as allowable by law, applicable rule or order of the Court.

Dated: December 12, 2022                     Respectfully submitted,

                                             */s/ Christina M. Janice*
                                             Kenneth J. Yerkes
                                             BARNES & THORNBURG LLP
                                             11 South Meridian Street
                                             Indianapolis, IN 46204
                                             317-231-7513
                                             Fax: 317-231-7433
                                             ken.yerkes@btlaw.com

                                             Christina M. Janice
                                             BARNES & THORNBURG LLP
                                             One N. Wacker Drive
                                             Suite 4400
                                             Chicago, IL 60606
                                             312-214-4802
                                             Fax: 312-759-5646
                                             christina.janice@btlaw.com

                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 12, 2022, a copy of the foregoing was sent via the Court's electronic filing system to all counsel of record.

                                             */s/ Christina M. Janice*